# EXHIBIT "A"

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN
BY:   Michael T. van der Veen
ID No. 75616
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529

Filed and Attested by the
Office of Judicial Records
13 SEP 2019 12:12 pm
M. BRYANT

**MAJOR JURY**
**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| KATHLEEN MCGINLEY<br>700 Ardmore Avenue, Apt. 220<br>Ardmore, PA 19003<br><br>                Plaintiff,<br>vs.<br><br>STOUT'S CHARTER SERVICE, INC.<br>20 Irven Street<br>Trenton, NJ 08638<br><br>                Defendant. | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**SEPTEMBER TERM 2019**<br><br>No. |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN
BY: Michael T. van der Veen
ID No. 75616
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529

MAJOR JURY
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| KATHLEEN MCGINLEY<br>700 Ardmore Avenue, Apt. 220<br>Ardmore, PA 19003<br><br>       Plaintiff,<br>vs.<br><br>STOUT'S CHARTER SERVICE, INC.<br>20 Irven Street<br>Trenton, NJ 08638<br><br>       Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM 2019<br><br>No. |

## COMPLAINT IN CIVIL ACTION

1.  Plaintiff Kathleen McGinley is an adult individual who, at all times relevant hereto, resided at the address indicated above.

2.  Defendant Stout's Charter Service, Inc. is a corporation that regularly conducts business in Philadelphia with a principal place of business at the address indicated above.

3.  At all times relevant and material hereto, Defendant owned, controlled, maintained, derived economic benefit from and/or possessed, individually and through its respective agents, a 2018 VanHool motor coach bus (hereinafter "Vehicle").

4.  At all times relevant and material hereto, Defendant maintained the interior and exterior of the Vehicle, including but not limited to the railings in the entrance/exit areas of the Vehicle.

5.     At all times relevant and material hereto, Defendant was acting either individually or through its agents, representatives and/or employees, all of whom were acting within the course and scope of their employment.

6.     Defendant is liable for the acts and omissions of its agents, employees and representatives through the doctrines of vicarious liability and respondeat superior.

7.     On or about June 6, 2018, Plaintiff was a passenger in the Vehicle.

8.     On this date, there existed a dangerous condition on the Vehicle, and specifically, a clamp or metal piece affixed to the railing which is dangerous, unsafe and defective, in that persons using the railings are exposed to the risk of injury.

9.     On the aforementioned date, Plaintiff, while exercising reasonable care, was exiting the Vehicle when her finger got caught in the clamp or metal piece affixed to the railing, namely the dangerous, defective and unsafe condition as described hereinabove, thereby suffering severe and permanent injuries, as described below.

10.    Defendant, either individually or through its agents, representatives and/or employees knew, or should have known of the dangerous condition of the railing in the Vehicle and that individuals, including Plaintiff, would encounter the dangerous conditions when using the same.

11.    Defendant had a duty to exercise reasonable care to ensure that the Vehicle was safe for persons to use and exit from.

12.    In breach of the aforesaid duty, Defendant allowed a dangerous condition to exist in the Vehicle.

13.    The negligence of the Defendant consisted of the following acts and/or omissions to act:

a. Allowing a dangerous condition in the Vehicle;
b. Creating a dangerous condition in the Vehicle, which the Defendant knew or should have known created a hazard;
c. Failing to properly monitor, inspect, keep safe, correct or have corrected or otherwise maintain and remove the aforementioned dangerous condition;
d. Failing to properly and adequately maintain the condition of the Vehicle;
e. Failing to discover, correct and remove the dangerous condition in the Vehicle;
f. Failed to warn persons of the dangerous and/or defective condition of the railing with signs or by stationing a representative to alert persons of the danger of the same;
g. Failed to properly maintain and/or adequately maintain the Vehicle;
h. Failed to inspect and/or adequately inspect the Vehicle;
i. Failing to repair and/or adequately repair the Vehicle;
j. Failing to maintain and/or adequately maintain the Vehicle;
k. Failing to ensure that an appropriate railing or handrail was installed and maintained;
l. Allowing the railing to become dangerous and defective;
m. Failed to have or have adequate policies and procedures for, using inspecting and maintaining the Vehicle;
n. Failing to properly and adequately hire and/or train, instruct the agents, servants, workmen, employees and/or representatives of the Defendant herein as to safe and proper procedures for using, inspecting, maintaining and repairing the Vehicle, including the area of the dangerous condition;
o. Failing to follow itspolicies and procedures for using, inspecting and maintaining the Vehicle;
p. Failing to take reasonable precautions against the aforementioned dangerous condition;
q. Failure to respond in a timely manner to the aforementioned dangerous condition; and
r. Failing to properly train, supervise or otherwise instruct its employees, agents or workmen in the proper procedure to correct the dangerous condition.

14. As a direct and proximate result of the negligence of the Defendant, Plaintiff was caused to fall and suffer serious and permanent injuries, including, but not limited to: closed displaced fracture of the proximal phalanx of the left finger and contracture, unspecified joint, all to her great detriment and loss, financial and otherwise.

15. As a further direct and proximate result of the Defendant's negligence and carelessness, Plaintiff has suffered in the past and may in the future, inconvenience,

Case ID: 190901703

embarrassment, emotional distress, humiliation, scarring, pain and suffering and loss of life's pleasures, all to her great detriment and loss, financial and otherwise.

16. As a further direct and proximate result of Defendant's negligence and carelessness, Plaintiff has been in the past and may continue in the future to be unable to attend her daily activities, avocations and occupations, all to her great loss and detriment, financial and otherwise.

17. As a further direct and proximate cause of Defendant's negligence and carelessness, Plaintiff has in the past and may in the future be required to expend monies for medical care, prescriptions and physical therapy in attempting to treat the injuries caused by the carelessness and negligence of the Defendant, all to her great loss and detriment, financial and otherwise.

18. As a further direct and proximate cause of Defendant's negligence and carelessness, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

**WHEREFORE**, Plaintiff demands that judgement be entered in her favor and against Defendant, for an amount in excess of fifty-thousand dollars ($50,000.00), plus interest, costs and attorney's fees.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

DATE: 9/13/2019

BY: _____
Michael T. van der Veen, Esq.
Attorney for Plaintiff

## VERIFICATION

I, __Kathleen McGinley__ verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: _Kathleen McGinley_ (signature)   Dated: __9/12/2019__

Case ID: 190901703